IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRYSTAL ESTRADA,

                Plaintiff,

        v.                             Case No. 18 CV 5540

AEROVIAS DE MEXICO, S.A. de      Judge Harry D. Leinenweber
C.V., individually and d/b/a
AEROMEXICO, and AEROLITORAL,
S.A. de C.V., individually
and d/b/a AEROMEXICO CONNECT,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court hereby denies Defendants' Motion for Leave to take a Second Deposition of Plaintiff [Dkt. No. 45] and grants Plaintiff's Motion to Quash Subpoenas issued by Defendants [Dkt. No. 36].

## I.  BACKGROUND

This matter concerns a July 31, 2018, airline crash of Aeromexico Flight 2431 scheduled to depart from Durango, Mexico with an intended destination of Mexico City. Plaintiff Crystal Estrada ("Estrada"), a seventeen-year-old passenger on the subject flight with her mother, alleges she suffered physical and emotional injuries, including traumatic brain injury ("TBI") as a result of the crash that occurred just after takeoff. On August 14, 2018, Estrada filed her Complaint (Dkt. No. 1) seeking recovery under

the Montreal Convention for her injuries against Defendants
Aeromexico and its subsidiary Aeromexico Connect (collectively,
"Defendants"). Specifically, Plaintiff alleges the plane crash
caused her to sustain a TBI which caused and manifests as various
emotional and psychological symptoms.

The parties conducted discovery, including completing expert
discovery, written discovery, and conducting fifteen depositions,
including depositions of all the Parties' respective experts and
of Plaintiff, which occurred on November 21, 2019. (Dkt. No. 48,
Plaintiff's Response ("Pl. Resp.") at 2-3.) Discovery was
initially scheduled to close on May 31, 2021, but was extended by
request of the parties to December 23, 2022. (*See* Dkt. No. 44,
Order.) On April 5, 2023, this Court entered an Amended Scheduling
Order that granted another extension of fact discovery to June 28,
2023. (*Id.*) On June 27, 2023, one day before the close of
discovery, Defendants filed an unopposed Motion for one more
extension of discovery contingent on the outcomes of Defendants'
additional requests for depositions. (Dkt. No. 47.)

Defendants claim they learned of additional details regarding
Estrada's personal life for the first time in April 2022. (Dkt.
No. 45-1, Defendants' Motion for Leave ("Mot.") at 5.) Shortly
after the plane crash in which Plaintiff had been a passenger, law
enforcement came to her house looking for her father, Cesar

- 2 -

Estrada. Cesar Estrada then fled to Mexico to evade federal drug trafficking charges. (Dkt. No. 45-4, Samuelson Report at 6.) It was discovered also that Estrada's father had brought Estrada's uncle into the criminal activity. (*Id.*)

Over a year after learning of these familial circumstances, on May 15, 2023, Defendants emailed Plaintiff's counsel requesting for the first time a second deposition of Plaintiff, claiming they were unable previously to question Plaintiff about the issue because Plaintiff had failed to disclose it. (Dkt. No. 45-2, Exhibit A.) Defendants contended the issue of Estrada's family strife was of critical importance, as it could relate to her alleged psychological symptoms she claims were caused by the crash. Unable to reach an agreement with Plaintiff, Defendants moved for leave of court on June 15, 2023 (Dkt. No. 45), to depose Plaintiff for a second time.

## II.  LEGAL STANDARD

Rule 30(a)(1) generally permits a party to depose anyone without leave of court. FED. R. CIV. P. 30(a)(1). When "the deponent has already been deposed in the case," though, a party "must obtain leave of court" to depose the person again unless the opponent agrees to the new deposition. FED. R. CIV. P. 30(a)(2)(A)(ii).

This Court may grant leave to a party to depose a witness more than once "to the extent consistent with Rule 26(b)(2)." See

FED. R. CIV. P. 30(a)(2)(A)(ii). Rule 26(b)(2)(C) permits the court to limit the frequency or extent of discovery if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2).

A district court "has broad discretion in analyzing [Rule 26(b)] factors and should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function of the particular case before the court." *Howard v. Securitas Security Services USA,* 2011 WL 1483329, at *1 (N.D. Ill. April 19, 2011) (quoting *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002)).

### III.  DISCUSSION

#### A.  Deposition of Crystal Estrada

Defendants' argument boils down to needing to depose Estrada for a second time because her father's alleged criminal activity, abandonment, and her parents' resulting divorce would be enough to cause the very same psychological disturbances that Plaintiff

- 4 -

argues resulted from the subject incident plane crash. Defendants argue that a second deposition is necessary as only Estrada can discuss the effect her parents' marital troubles and father's criminal activity had on her. Whether this "family upheaval" was a contributing cause "goes to the heart" of Plaintiff's claimed injuries and damages. (Mot. at 9.) Because Plaintiff made emotional injuries the "key component" of her damages claim, Defendants find it unfair for Plaintiff to "use her emotional injuries as both a sword and shield." (*Id.* at 11.)

The Court does not disagree that the subject of a second deposition would be relevant to the claims at issue, but relevance is not the only consideration. First, this Court is free to account for whether the information sought was available to the party during normal discovery – a factor that weighs against Defendants. *See* FED. R. CIV. P. 26. Here, Defendants were presented with the opportunity to elicit information about the family upheaval several times during Estrada's deposition in November 2019 – over three years before Defendants eventually requested the second deposition. Estrada opened the conversation to the family troubles on her own accord in response to questions about her mental state. Estrada also confirmed that she was not experiencing these family issues before the accident. (Dkt. No. 45-7, Estrada Deposition ("Estrada Dep.") at 125:1-21.) Estrada then explicitly noted she

was feeling "sad and depressed" due to the family issues "almost all the time, like every day." (*Id.* at 127:2-9.) This certainly presented Defendants with a sufficient opportunity to elicit specifics about the family troubles. Defendants' attempt to mischaracterize their failure to garner this information as Plaintiff's failure to be "forthcoming with any particulars" is not successful. (Mot. at 3.) Further, Defendants have not made a compelling argument that the testimony they seek would not be duplicative of the first deposition, where already Estrada offered testimony about the frequency, nature, and cause of her mental distress, attributing some of this to her family issues.

Second, noticeably absent from Defendants' briefing is any explanation of their 14-month delay in pursuing the second deposition after learning of family strife at Estrada's deposition. Though the request for one deposition itself does not seem burdensome, it is within the Court's discretion to account for other factors such as unreasonable or unnecessary delays as well. In *LKQ Motors Corp. v. General Motors Company,* the court denied a request for additional depositions when the plaintiff waited until the end of the discovery period to request them, and in light of prior delays in the case. 2021 WL 4125097, at *3 (N.D. Ill. Sept. 9, 2021). Similarly, in *In re Sulfuric Acid Antitrust Litigation,* the court denied a request for a second deposition of

an individual when plaintiff waited until the last day of discovery to request it, despite having been aware of needing it for months. 230 F.R.D. 527, 533 (N.D. Ill. 2005). *See also Clarendon Am. Ins. Co. V. Ga. Nat'l Trucking Co., LLC,* 2008 WL 11336805, at *3 (N.D. Ga. Dec. 18, 2008) (denying request for second deposition when defendants "had an opportunity to expand upon the discussion . . . but chose not to do so").

Defendants challenge whether a second deposition would have any real impact on the trial timeline because a second deposition would likely require changes only to one of Plaintiffs' expert opinions, as Defendants' experts "were made aware of Plaintiff's family upheaval, and each provided opinions on the effect of Plaintiff's divorce in their reports." (Dkt. No. 49, Def. Reply ("Reply") at 6.) Defendants would rather Plaintiffs' expert opinions change after the second deposition of Plaintiff but before trial so that Defendants have time to prepare for a defense and are not "ambush[ed]" at trial. Yet Defendants have not adequately allayed the risk that a second deposition would have on re-opening expert discovery, further deferring trial, and the Court does not see Defendants' need to re-depose as outweighing such risk.

Further, the Court assesses causation under the Montreal Convention via proximate cause, so the plane crash need not be the sole cause of Estrada's injuries and the relative proportions can

be determined by the trier-of-fact. *See Dogbe v. Delta Air Lines, Inc.,* 969 F.Supp.2d 261, 272 (E.D.N.Y. 2013) (applying proximate cause in Montreal Convention analysis to determine cause of injuries, noting "we require only that the passenger be able to prove that some link in the chain was an unusual . . . event external to the passenger" (citing *Air France v. Saks,* 470 U.S. 392, 406 (1985)); *see also Moore v. British Airways PLC,* 32 F.4th 110, 115 (1st Cir. 2022)(using proximate cause analysis under Montreal Convention). Thus, that Plaintiff may have additional causes to her distress does not moot her claim.

The Court does not intend to suggest, as Plaintiff argues, that Defendants should have learned of the family strife by conducting criminal background checks into Estrada's father and uncle by virtue of their being named plaintiffs. To go digging outside the normal discovery process for unknown personal stressors in an individual's life would rarely be a justifiable exercise. Rather, Defendants have offered nothing to explain their delay in seeking a second deposition and cannot in good faith have expected there would be no consequences for such action.

### B. Deposition of Dr. Pavone

In addition to a second deposition of Plaintiff, Defendants also seek a second deposition of one of Plaintiff's treating physicians, Dr. Larissa Pavone ("Dr. Pavone"). Dr. Pavone

specializes in treating traumatic brain injuries, and treated Plaintiff after the subject plane accident at Marianjoy Rehabilitation Hospital's pediatric physical medicine and rehabilitation institute in Wheaton, Illinois. She continued to see Estrada from October 2018 through April 2019 for several courses of treatment. (Dkt. No. 36 at 3.) Plaintiff disclosed Dr. Pavone in her Initial Disclosures as an independent expert witness.

On February 8, 2023, Defendants served a subpoena on Plaintiff for a second deposition of Dr. Pavone. Defendants argue that they should be allowed to re-depose Dr. Pavone for the limited purpose of questioning her regarding whether and to what extent the additional information Defendants learned after her deposition about Plaintiff's family affects Dr. Pavone's conclusions regarding Plaintiff's condition.

Defendants have not made clear that Dr. Pavone's testimony in a second deposition would be materially different from her initial testimony. In February 2020, Defendants deposed Dr. Pavone and inquired into whether Dr. Pavone had "explore[d] any other potential causes for any emotional issues," to which Dr. Pavone responded she had not. (Dkt. No. 43-1, Pavone Deposition ("Pavone Dep.") at 94:6-9.) Defendants then asked Dr. Pavone whether it was her understanding that Estrada had reported to one of Dr. Pavone's colleagues that she was experiencing stress at home, and

"questionabl[y] feeling safe at home." (*Id.* at 94:18-24.) Dr. Pavone responded that she was aware of the existence of Estrada's home stressors, but that she had not discussed these with Estrada. She testified that if Estrada had admitted these stressors to her, she "would think that [Estrada's family stressors] could be related to [her mental distress]." (*Id.* at 96:7-96:17.) But there is no reason to think that Dr. Pavone's opinion has changed, because Defendants have offered nothing to suggest she has since spoken with Plaintiff about these home stressors. A second deposition would merely rehash the already-asked hypotheticals.

Further, Defendants allege they were "unaware" of Estrada's family circumstances at the time of Dr. Pavone's deposition in February 2020, despite the fact that Estrada herself explained three months prior in November 2019 during her deposition that family issues that had arisen after the plane crash were causing her to feel sad and depressed nearly every day. Defendants might have been equipped with details of the home stressors at the time of Dr. Pavone's deposition were it not for their failure to inquire properly at Plaintiff's deposition.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion for Leave to take a Second Deposition of Plaintiff is denied, and Plaintiff's

Motion to Quash Defendants' Subpoena seeking a second deposition of Dr. Pavone is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 10/17/2023